IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SANDRA HENRY                                                                                          PLAINTIFF

V.                                                         NO. 09-4074

MICHAEL J. ASTRUE,
Commissioner of Social Security Administration                                DEFENDANT

**O R D E R**

  Plaintiff, Sandra Henry, appealed the Commissioner's denial of benefits to the Court. On June 1, 2010, a Judgment was entered remanding Plaintiff's case to the Commissioner, pursuant to sentence four of 42 U.S.C. §405(g). (Doc. # 11). Plaintiff now moves for an award of $3,498.00 in attorney's fees, under 28 U.S.C. §2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 21.2 attorney hours of work before the Court at an hourly rate of $165.00 per hour for work done in 2009 and 2010. (Doc. #12). Defendant has filed a response to Plaintiff's application, and argues that the number of hours should be reduced by 1.4 hours for clerical work done. (Doc. #13).

  Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir. 1986). Under Shalala v. Schaefer, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party. After reviewing the file, the Court finds that Plaintiff is a prevailing party in this matter.

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the novelty and difficulty of questions involved; the skill required to handle the problems presented; the preclusion of employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the attorney's experience, reputation and ability; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. Hensley v. Eckerhart, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit. Pierce v. Underwood, 487 U.S. 552, 573 (1988). The Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. Clements v. Astrue, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009); see also Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." Id. Where documentation is inadequate, the Court may reduce the award accordingly. Hensley, 461 U.S. at 433 (1983).

Plaintiff's attorney requests an award under the EAJA at an hourly rate of $165.00 for time spent in 2009 and 2010, for a total of 21.2 hours, which he asserts he devoted to the

representation of Plaintiff in this Court.[1] The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable. Id., 461 U.S. at 437. Attorney's fees may not be awarded in excess of $125.00 per hour-the maximum statutory rate under § 2412(d)(2)(A) - unless the Court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. McNulty v. Sullivan, 886 F.2d 1074 (8th Cir. 1989). In Johnson v. Sullivan, 919 F.2d 503 (8th Cir. 1990), the Court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75 an hour," such as a copy of the Consumer Price Index (CPI).

Plaintiff's counsel submitted a Consumer Price Index (CPI) in support of his requested hourly rate. The Court finds that an award based upon an hourly rate of $165.00 per hour, reflecting an increase in the cost of living, is appropriate in this instance. See Johnson, 919 F.2d at 505. Thus, based upon the above factors, the Court finds that an appropriate hourly rate is $165.00 for work completed in 2009 and 2010.

The Court will next address the number of hours Plaintiff's counsel has alleged he spent in this matter.

Plaintiff's counsel seeks 1.5 hours for time spent receiving and reviewing the Notice of Appeals Council Action and reviewing the case for consideration for a federal court appeal, and for preparing a letter to the Plaintiff. The Court finds that this should have taken Plaintiff's counsel no more than 1 hour, and the amount will therefore be reduced by 0.5 hours.

---

[1] The Courts in this district do not break the hourly rates down by year, but rather award one hourly fee for all hours worked.

Plaintiff's counsel seeks .20 hours for preparing letters to the Clerk. This time cannot be compensated under the EAJA. <u>Granville House, Inc. V. Department of HEW</u>, 813 F.2d 881, 884 (8th Cir. 1987)(work which could have been completed by support staff is not compensable under the EAJA). Accordingly, the amount will be reduced by .20 hours.

Defendant asks the Court to deduct the time Plaintiff's counsel spent preparing letters to the Plaintiff, as also being clerical in nature. However, it is possible that some substantive communication was included in the letters sent to Plaintiff, and the Court will therefore not deduct this amount from the total amount.

Plaintiff's counsel seeks a total of 14.4 hours for time spent reviewing the Transcript and preparing the Plaintiff's brief, which was 19 pages in length. The transcript in this case was 195 pages in length, and there were no unique or complex issues to be developed in this particular case. It should not have taken Plaintiff's counsel more than 9 hours to review the transcript and prepare the appeal brief. Accordingly, the time claimed will be reduced by 5.4 hours.

Plaintiff's counsel seeks 1 hour for time spent receiving and reviewing Defendant's brief, which was 13 pages in length, and reviewing the file. This should have taken no more than 0.5 hours and the amount will be reduced by 0.5 hours.

Based upon the foregoing, the Court finds that Plaintiff's counsel should be awarded compensation under the EAJA for: 14.6 hours (21.2 hours minus 6.6 hours) at a rate of $165.00 per hour, for a total attorney's fee award of $2,409.00. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

IT IS SO ORDERED AND ADJUDGED this 20th day of July, 2010.

*/s/ Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE